IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Jon R. Tollefson, | ) ) | |
| Plaintiff, | ) ) | Civil Case No.: 3:11-CV-62 |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| DeAnn Marie Pladson, | ) ) | |
| Defendant. | ) | |

Plaintiff Jon R. Tollefson filed a Motion to Partially Dismiss Counterclaims[1] (Doc. # 19), which Defendant DeAnn Marie Pladson opposes. (Doc. # 22) On February 22, 2012, this Court held oral argument on the motion, but delayed issuance of this Report and Recommendation pending an April 25, 2012 mediation. The case was not resolved at mediation.

In this Court's opinion, Pladson's counterclaim alleges a plausible set of facts which, if proven true, would give rise to Tollefson's liability for illegal registration of an internet domain name. A finding in Pladson's favor could subject Tollefson to liability for Pladson's attorney fees, and an order that the domain name be transferred to Pladson. This Court therefore recommends that the motion to dismiss be denied.

**FACTUAL BACKGROUND**

The parties' dispute centers around Tollefson's registration of an internet domain name,

---

[1] Although captioned as a motion to "partially" dismiss the counterclaim, the pleadings reference dismissal of Paragraphs 13 through 19 of the Answer and Counterclaim (Doc. #14), which includes all of the Counterclaim except the prayer for relief (Paragraph 20). The motion is therefore considered as a motion to dismiss the Counterclaim in its entirety.

1

<deannpladson.com>. Pladson took the dispute to the Internet Corporation for Assigned Names and Numbers (ICANN) through the Uniform Domain Name Dispute Resolution Policy (UDRP). A June 8, 2011 decision of a single UDRP arbitrator ordered transfer of the name from Tollefson to Pladson. In the Complaint, Tollefson seeks injunctive relief against enforcement of the UDRP decision, and affirmation that his registration and use of that domain name is not unlawful.

Pladson answered and counterclaimed (Doc. #14). The counterclaim is based on 15 U.S.C. §8131, a portion of the Anticybersquatting Consumer Protection Act (ACPA). The ACPA provides a cause of action for registration of "a domain name that consists of the name of another living person, or a name substantially and confusingly similar thereto, without that person's consent, with the specific intent to profit from such name by selling the domain name for financial gain to that person or any third party." Under section 8131, a prevailing party may be awarded attorney fees, costs, and injunctive relief. Injunctive relief may include forfeiture, cancellation or transfer of the domain name.

Underlying this lawsuit is a series of disputes, all relating to Pladson, a licensed attorney, having represented Tollefson's former wife in a divorce. In the Complaint, Tollefson stated that he registered the domain name "to expose factual and unethical conduct of DeAnn Pladson and other unethical lawyers, to assist the public in preventing further similar conduct and allow for the free flow of speech and ideas with a blog." (Doc. # 1, page 2). Tollefson alleges that, to resolve the divorce, he "was extorted by [Pladson] in having to pay for third party financial records and source code none of which were marital property." (Doc. #1, ¶ 6), and that the domain name has been "maintained as a blog, informational site, satire and free speech domain." (Doc. #1, ¶ 8).

## ANALYSIS

Tollefson asserts that dismissal of the counterclaim is required pursuant to the pleading requirements detailed in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

A counterclaim, like a complaint, is subject to dismissal for failure to state claim if it fails to allege specific plausible facts that would allow an inference that the opposing party is liable. *Iqbal*, 129 S.Ct. at 1949-50. The court in *Iqbal* noted that a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *id. (quoting Twombly*, 550 U.S. at 555, 127 S.Ct. at 1955) and gave reviewing courts the following direction:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1950.

The plaintiff in *Iqbal* had asserted a *Bivens* claim - a claim that his constitutional rights were infringed while he was held in federal custody. In addressing whether the complaint was sufficient to survive a motion to dismiss for failure to state a claim, the Court held that a complaint must have "facial plausibility," *i.e.*, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Although a court must view all factual allegations of the complaint as true in deciding a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950, *quoting Twombly*, 550 U.S. at 555. A complaint that simply recites the elements of a cause of action or "pleads facts that are 'merely consistent with' a

defendant's liability" does not present facial plausibility of entitlement to relief. *Id.* at 1949, *quoting Twombly*, 550 U.S. at 557. Specifically, the Court found that to state a claim of constitutional deprivation the plaintiff in *Iqbal* "must plead sufficient factual matter to show that [the defendants] adopted and implemented the . . . policies at issue not for a neutral, investigative reason but for [an unconstitutional] purpose . . .." *Id.* at 1948-1949.

Whether a litigant has stated a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. The court therefore considers the allegations of the Counterclaim, together with the allegations in the Complaint, to discern plausibility.

Pladson's Counterclaim includes the following:

> 13. Pladson was licensed to practice law in the State of North Dakota in 1992 and has continuously done so in the intervening 19 years.
>
> 14. Tollefson's registration and use of the internet domain name <deannpladson.com> infringes on Pladson's protected "mark" in and to her name, by which she has been known and through which she has marketed her professional services to the public throughout her career.
>
> 15. Following registration of the <deannpladson.com> domain, Tollefson optimized his website to secure high placement on "Google," "Bing," and other/similar sites in response to searches for "divorce lawyer Fargo, ND," and similar terms.
>
> 16. "Ram Gupta," acting under Tollefson's direction and control has registered <deannpladsonlawoffice.com> and <deann.info>.
>
> 17. Tollefson has repeatedly offered to sell <deannpladson.com> to Pladson and otherwise used the prospect of transferring that domain to its namesake as leverage and a bargaining chip seeking advantage in legal proceedings and negotiations having nothing to do with and totally contrary to any allegedly legitimate claim to the domain on his part.
>
> 18. As recently as October 21, 2011, Tollefson sent email to Pladson's counsel ominously declaring ". . . multiple linked and mirrored sister sites can readily be

4

registered and hosted internationally for decades where US courts have no jurisdiction."

19. Tollefson's registration of Pladson's name was/is without her permission and he has repeatedly and coercively offered to "sell" <deannpladson.com> to her for financial gain, all in violation of 15 U.S.C. § 8131.

20. By reason of the foregoing, Pladson is entitled to injunctive relief including, but not limited to forfeiture of the domain, and an award of costs and attorneys fees.

The Counterclaim is brought under 15 U.S.C. § 8131 of ACPA, which provides in part:

> Any person who registers a domain name that consists of *the name of another living person,* or a name substantially and confusingly similar thereto, *without that person's consent*, with the *specific intent to profit* from such name *by selling the domain name for financial gain* to that person or any third party, shall be liable in a civil action by such person.
>
> In any civil action brought under paragraph (1), a court may award injunctive relief, including the forfeiture or cancellation of the domain name or the transfer of the domain name to the plaintiff. The court may also, in its discretion, award costs and attorneys fees to the prevailing party.

(Emphasis added). To prevail on her counterclaim under section 8131, Pladson must prove that Tollefson: 1) registered a domain name consisting of Pladson's name, 2) that Pladson did not consent to the registration, and 3) that Tollefson had the specific intent to profit by selling the domain name for financial gain. *Bogoni v. Gomez*, ___ F.Supp. 2d ___, 2012 WL 745548 (S.D.N.Y.) *3

Tollefson relies heavily on two cases, *Mayflower Transit, L.L.C. v. Prince,* 314 F. Supp. 2d 361 (D.N.J. 2004), and *GoPets Ltd. v. Hise,* 657 F.3d 1024 (9th Cir 2011). Both of those cases, however, involve section 1125(d) of the ACPA, relating to registration of domain names identical or confusingly similar to registered service marks and trademarks. Since neither of the cases involve section 8131, they are not controlling.

Tollefson argues that Pladson's counterclaim is deficient for several reasons: the "offer to

5

sell" claim was not asserted in the preceding ICANN dispute, the domain name at issue has been used as a "gripe site" which is permitted under *Mayflower Transit,* and that Pladson does not hold a trademark or registered trade name for "DeAnn Pladson." Section 8131 does not require that the issue be raised in any ICANN proceeding prior to filing a lawsuit, so the counterclaim is not deficient on that basis. Nor is there a requirement under section 8131, as there is under section 1125, that the name be trademarked or registered as a trade name, so the counterclaim is not deficient on that basis. Whether a site is a "gripe site" does not negate Tollefson's potential liability under section 8131, if Pladson can prove Tollefson's intent to profit from registration of the site.

Although there is little case law interpreting section 8131, a series of district court decisions make clear that "specific intent to profit" for purposes of that statute is a context-based issue of fact. In *Bogoni*, a "prominent philanthropist" sued an individual who had registered the plaintiff's first and last names as a domain name. In granting a preliminary injunction enjoining use of that domain name, the court considered various factors probative of specific intent to profit from the registration. *Carl v. Bernardjcarl.com*, 662 F.Supp. 2d 487 (E.D. Va. 2009) held that a demand that a past debt be paid was not sufficient to prove "specific intent to profit" under section 8131, though *Salle v. Meadows,* 2007 WL 4463920 (M.D. Fla. 2007) held that registering an individual's name as a domain name for the purpose of recovering money that was owed was sufficient to establish "specific intent to profit" under the statute.

There is no dispute about the first two of the elements of Pladson's claim: that Tollefson registered the domain name, and that he did not have Pladson's consent to do so. The third element, whether Tollefson had "specific intent to profit" from the registration is an issue of fact.

Pladson's counterclaim alleges that Tollefson has repeatedly offered to sell the name, and that he has used the prospect of transferring the name to seek advantage in legal proceedings. The factual allegations of the counterclaim, if proved, would be sufficient to establish the third element of Pladson's section 8131 claim.

Under *Iqbal*, the factual allegations of a claim must be assumed to be true when considering a motion to dismiss the claim. It must therefore be assumed that Pladson could prove her allegations that Tollefson offered to sell the domain name, or used it for his financial gain by seeking advantage in legal proceedings. In this Court's opinion, Pladson's counterclaim adequately sets forth requisite facts to plausibly establish Tollefson's liability under section 8131. Pladson's counterclaim, unlike the claim in *Iqbal*, does not assert a "legal conclusion couched as a factual allegation."

This Court therefore recommends that Tollefson's motion to dismiss Pladson's counterclaim be **DENIED**.

Dated this 9th day of May, 2012.

                                             /s/   Alice R. Senechal
                                            Alice R. Senechal
                                            United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1 (D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy. Any other party may respond to an objection within fourteen (14) days thereafter.